UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____
_____

MICAELA SHOCKLEY,

        Plaintiff,                       **COMPLAINT**

v.

                                        **JURY TRIAL DEMANDED**

AMERICAN ACCOUNTS & ADVISERS, INC.,

        Defendant.
_____

## **INTRODUCTION**

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3. The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4. The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business

the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

### Plaintiff

7. Plaintiff Micaela Shockley (hereinafter "Plaintiff"), is a natural person residing in the County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. 1692k(a).

### Defendant

8. Defendant American Accounts & Advisers, Inc. (hereinafter "Defendant"), is a Minnesota corporation with its principal place of business located at 7460 80th Street, Cottage Grove, MN 55016.

9. Defendant is a "debt collector," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

10. Sometime prior to January 2008, upon information and belief, Plaintiff incurred seven (7) financial obligations that upon information and belief were primarily for personal, family or household purposes, and are therefore "debts" as that term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

11. Sometime thereafter, the alleged debts were consigned, placed or otherwise transferred to Defendant for collection.

12. In August 2011, Plaintiff requested her credit report from the credit reporting bureau Equifax.

13. Plaintiff discovered seven (7) accounts on her credit report held by Defendant.

14. Plaintiff did not recognize the accounts.

15. On August 25, 2011 Plaintiff sent a letter to Equifax in which she characterized the accounts held by Defendant as inaccurate items requiring verification, or else deletion, from Plaintiff's credit report.

16. Upon information and belief, Equifax properly submitted a request to Defendant to verify the seven (7) accounts.

17. Sometime thereafter Plaintiff requested another credit report from Equifax.

18. Two (2) of the seven (7) accounts held by Defendant no longer appear on the credit report.

19. Five (5) of the seven (7) accounts held by Defendant remained on Plaintiff's credit report. These five accounts are as follows:

> 121xxxx purportedly fell into delinquency in November 2007;
> 105xxxx purportedly fell into delinquency in September 2008;
> 97xxxx purportedly fell into delinquency in February 2008;
> 97xxxx purportedly fell into delinquency in February 2008; and
> 97xxxx purportedly fell into delinquency in February 2008.

20. These five (5) accounts do not include a designation of being disputed by the consumer, as required by Section 807 of the FDCPA, 15 U.S.C. § 1692e(8).

21. On September 18, 2012, Plaintiff sent a second letter to Equifax again characterizing the five (5) accounts as inaccurate items requiring verification or else deletion from Plaintiff's credit report.

22. Upon information and belief, Equifax properly submitted a request to Defendant to verify the five (5) accounts.

## Violations of The Fair Debt Collection Practices Act

23. On December 3, 2012 Plaintiff requested an updated copy of her credit report from Equifax.

24. Defendant continues to report the five (5) accounts on Plaintiff's Equifax credit report. Defendant continues to omit Plaintiff's dispute of the alleged debt from the credit report, thereby communicating false credit information to Equifax.

25. Defendant's five (5) inaccurate reports to Equifax concerning five (5) separate accounts constitute the communication of false credit information.

26. Defendant is in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(8) for each of the five (5) accounts.

27. Defendant's last report to Equifax on each of the five (5) accounts occurred in November 2012.

## Respondeat Superior Liability

28. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

29. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

30. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

31. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited

to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

32. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

33. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

**COUNT I**
**VIOLATION OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**
*(Account 121xxxx)*

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

37. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II
## VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.
*(Account 105xxxx)*

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

40. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT III
## VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.
*(Account 97xxxx)*

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

43. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT IV
## VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.
*(Account 97xxxx)*

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to,

each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

46. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT V
## VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.
*(Account 97xxxx)*

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

49. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION
### PRACTICES ACT 15 U.S.C. § 1692 et seq.
*(Account 121xxxx)*

50. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

51. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

52. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION
### PRACTICES ACT 15 U.S.C. § 1692 et seq.
*(Account 97xxxx)*

53. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

54. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

55. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICES ACT 15 U.S.C. § 1692 et seq.
*(Account 97xxxx)*

56. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

57. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

58. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

## COUNT VI
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICES ACT 15 U.S.C. § 1692 et seq.
*(Account 97xxxx)*

59. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

60. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

61. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

## COUNT V
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICES ACT 15 U.S.C. § 1692 et seq.
*(Account 97xxxx)*

62. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

63. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

64. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

Respectfully submitted,

Dated:  December 12, 2012         MARTINEAU, GONKO & VAVRECK, PLLC

  s/ Mark L. Vavreck                                .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com